IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-01317-L** |
| | § | |
| **LAKINDRA HORACE** | § | |
| and **ALL OCCUPANTS OF 1058** | § | |
| **BARRYMORE LANE** | § | |
| **DUNCANVILLE, TX 75137,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand Proceeding (Doc. 5), filed April 2, 2013. For the reasons herein explained, the court **grants** Plaintiff's Motion to Remand Proceeding and **remands** the action to County Court at Law No. 2, Dallas County, Texas, from which it was removed.

**I.    Factual and Procedural Background**

This action arises from a forcible detainer eviction proceeding initiated in Texas state court by Bank of America, N.A. ("Plaintiff") against Defendants Lakindra Horace and All Occupants of 1058 Barrymore Lane, Duncanville, Texas 75137 ("Defendants"). After judgment was granted in favor of Plaintiff on February 11, 2013, in the forcible detainer action, Defendants appealed the judgment to Dallas County Court at Law No. 2. Before the appeal was decided, Defendants removed the case to federal court on March 29, 2013, based on diversity and federal question jurisdiction. On April 2, 2013, Plaintiff moved to remand the case, contending that: (1) the court lacks federal question jurisdiction over the detainer action; (2) removal based on diversity of citizenship is

improper under 28 U.S.C. § 1441(b) because Defendants acknowledge that they are citizens of Texas; and (3) Defendants have not satisfied the amount in controversy requirement because, as tenants in sufferance, the amount in controversy pertains to the value of Defendants right to occupy the premises, not the market value of the property.

Defendants respond, arguing in conclusory fashion, that removal was proper because complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Defendants also appear to contend that removal based on federal question jurisdiction was proper because the claims asserted arise under federal law or the United States Constitution.

## II. Discussion

The standard that this court normally applies in analyzing subject matter jurisdiction based on diversity of citizenship and federal question jurisdiction is essentially set out verbatim in Plaintiff's Motion to Remand. Rather than repeating it, the court sets forth its general standard for subject matter jurisdiction applicable in removal cases. A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia* (ANPAC) v. *Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent

jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

    A.    **Amount in Controversy**

The parties here are citizens of different states and are therefore diverse. As Plaintiff correctly notes, however, Defendants are tenants in sufferance as a result of the detainer action. This and other courts in the Northern District of Texas have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property. *Wells Fargo Bank v. Matts*, No.

**Memorandum Opinion and Order – Page 3**

3:12-CV-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec, 13, 2012) (collecting cases). As Defendants are tenants in sufferance under Chapter 24 of the Texas Property Code, the only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property, not the property's fair market value.

In their Notice of Removal, Defendants allege that the amount in controversy is satisfied because the market value of the property is $93,700, but they fail to allege any amount applicable to the value of their right to immediate possession or to occupy the premises. Thus, Defendants have not satisfied their burden of establishing that the amount in controversy requirement, necessary for subject matter jurisdiction based on diversity of citizenship, exceeds $75,000. Defendants have therefore failed to establish that removal, based on diversity of citizenship, was proper. Subject matter jurisdiction on this basis is therefore lacking.

### B.     Removal by In-State Defendant

Even assuming that Defendants could satisfy the amount in controversy requirement necessary for subject matter jurisdiction based on diversity of citizenship, removal of this case would still be improper because the removal statute does not permit a case to be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). Here, Defendants acknowledge that they are citizens of Texas. As a result, removal of the case was procedurally improper even though the parties are citizens of different states.

### C.     Federal Question Jurisdiction

While Defendants' notice of remove refers to 28 U.S.C. § 1332, as applicable to federal question jurisdiction, no basis for federal question jurisdiction is set forth in the notice of removal

**Memorandum Opinion and Order – Page 4**

or response to the motion to remand. Moreover, Plaintiff's forcible detainer or eviction action arises solely under the Texas Property Code and does not provide a basis for federal question jurisdiction. Thus, any potential federal question claim that may have been raised in Defendants' answer to the detainer action or notice of removal is insufficient. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009); *Wells Fargo Bank v. Matts*, 3:12-CV-4565-L, 2012 WL 6208493, at *4-5 (N.D. Tex. Dec. 13, 2012). As no federal question exists, this court may not exercise subject matter jurisdiction over this action on the basis of a federal question.

### III. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action, the action was improperly removed pursuant to 28 U.S.C. § 1441(b). The court therefore **grants** Plaintiff's Motion to Remand Proceeding (Doc. 5) and **remands** the action to County Court at Law No. 2, Dallas County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 19th day of April, 2013.

_____
Sam A. Lindsay
United States District Judge